```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:07-00165

**ISAAC JACOB DEBERRY**


### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On May 7, 2018, the United States of America appeared by Emily J. Wasserman, Assistant United States Attorney, and the defendant, Isaac Jacob Deberry, appeared in person and by his counsel, John A. Carr, for a hearing on the petition seeking revocation of supervised release submitted by United States Probation Officer Amy Berry-Richmond.  The defendant commenced a 32-month term of supervised release in this action on December 22, 2015, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on January 7, 2016.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed controlled substances as evidenced by a positive urine screen submitted by him on July 31, 2017, for opiates, for which he did not have a valid prescription; his admission to the probation officer on December 3, 2017, that he smoked marijuana daily; and his admission as contained in his written reports of July 31, October 4, November 15, 2017, and January 18, 2018, that he had possessed marijuana; (2) the defendant failed to report as directed for random urine screens on January 11 and 26, February 14 and 23, and March 9, 2018; and (3) the defendant failed to participate in outpatient substance abuse treatment as instructed by the probation officer on January 3, 2018, inasmuch as he failed to attend any treatment sessions from that time up until the filing of the petition on March 20, 2018; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of THREE (3) MONTHS, to be followed by a term of two (2) years of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he spend the first six months of supervised release in a residential drug treatment facility at a location to be determined by the probation

officer.  If feasible, the defendant shall report directly to the treatment center from his place of incarceration without interruption.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  May 11, 2018

　　　　　　　　　　　　　　　　　　　　　　
John T. Copenhaver, Jr.
United States District Judge